UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ROBERT J. BROUSSARD AND              CIVIL ACTION NO. 6:11-cv-01280
R.J. BROUSSARD GENERAL
CONTRACTORS, INC.

VERSUS                               JUDGE WALTER

MULTI-CHEM GROUP, LLC                MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

The undersigned undertook a *sua sponte* review of jurisdiction in this action[1]

and, for the reasons explained below, the undersigned finds that this Court lacks

subject-matter jurisdiction over this matter.   Accordingly, the undersigned

recommends that this matter should be remanded to the state court where it

originated.

Pending before the Court is the plaintiffs' motion for leave to amend their

original petition to assert a claim against Oilwell Production Chemicals, Inc., which

was referred to the undersigned for resolution.  (Rec. Doc. 10).  Because this Court

---

[1]    *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) ("United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking.)

lacks jurisdiction over this action, the undersigned recommends that the Court decline to rule on the motion for leave to amend.

## BACKGROUND INFORMATION

This lawsuit arises out of an explosion and fire that occurred at defendant Multi-Chem Group, LLC's place of business in New Iberia, Louisiana on June 14, 2011.[2]  The original plaintiffs in this lawsuit are an individual, Robert J. Broussard, and his business, R.J. Broussard General Contractors, Inc., which are located approximately two miles from the Multi-Chem facility.[3]  Mr. Broussard claims to have been exposed to hazardous fumes from the explosions and fire, resulting in "headaches, nausea, disorientation, etc."[4]  The plaintiffs claim that the business sustained a loss of profits and business interruption and that they were ordered to vacate the premises.[5]  Mr. Broussard also claims to have suffered mental and emotional injuries such as fear, mental anguish, and inconvenience.[6]  Five additional

---

[2]     Rec. Doc. 1-1 at 3.

[3]     Rec. Doc. 1-1 at 4.

[4]     Rec. Doc. 1-1 at 4.

[5]     Rec. Doc. 1-1 at 5.

[6]     Rec. Doc. 1-1 at 4.

individual plaintiffs were added in the first supplemental and amending petition.[7]  All of the plaintiffs seek to recover damages for mental anguish; travel and/or displacement expenses; loss of income; hotel expenses; meal expenses; gasoline expenditures; business loss; reimbursement for lost clothing and/or personal items; personal injuries for symptoms associated with the explosion; damages for inhalation of toxic chemicals; damages for diminution of value of property; and other past, present, and future damages to be proven at trial.[8]

In their original petition, which was filed in the 16th Judicial District Court, Iberia Parish, Louisiana, the plaintiffs sued only Multi-Chem.  In the plaintiffs' supplemental and amending petition, claims were added against two of Multi-Chem's employees, John Gauthier and Cade Bourque.  Mr. Gauthier and Mr. Bourque are alleged to be managers and/or supervisory employees of Multi-Chem.[9]

The defendants removed the action to this forum under 28 U.S.C. § 1332, alleging that the amount in controversy satisfies the jurisdictional minimum and that the parties are diverse in citizenship.[10]  Although Mr. Gauthier and Mr. Bourque are

---

[7]     Rec. Doc. 1-1 at 14.

[8]     Rec. Doc. 1-1 at 17.

[9]     Rec. Doc. 1-1 at 15.

[10]    Rec. Doc. 1.

-3-

Louisiana citizens like the plaintiffs, the defendants argue that their citizenship should be disregarded because they were improperly joined.  Because the defendants allege in their removal notice that this Court has jurisdiction over this action under 28 U.S.C. § 1332, the undersigned undertook a *sua sponte* jurisdictional review.

## ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[11]  Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[12] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[13]  The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[14]  Therefore, when an action is removed from state court, the removing

---

[11]   *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

[12]   28 U.S.C. § 1331.

[13]   28 U.S.C. § 1332.

[14]   *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

party bears the burden of proving that federal jurisdiction exists.[15]  In this case, the defendants must bear that burden.

### A.   THE AMOUNT IN CONTROVERSY

The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith.[16]  To justify remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[17] When the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.[18]  This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that

---

[15]     *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

[16]     *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d at 1408; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[17]     *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253, quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

[18]     *Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

support a finding of the requisite amount.[19]  "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]."[20]  Thus, the district court must first examine the complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy.[21]  Any doubts as to the propriety of removal should be construed strictly in favor of remand.[22]

In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages.[23]  Therefore, the original petition filed in this lawsuit does not request recovery of a specific amount.  There is, however, an indication on the face of the petition that the amount in controversy is less than the jurisdictional minimum in that

---

[19]      *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[20]      *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original).

[21]      *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[22]      *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[23]      Louisiana Code of Civil Procedure Article 893(A)(1).  See, also, *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

the plaintiffs do not request a trial by jury, which would, under Louisiana law, require an amount in controversy of $50,000,[24] an amount well below the jurisdictional minimum.  The failure to request a jury trial might be an indication that the amount in controversy falls below the necessary threshold.[25]

The plaintiffs' petition also contains an indication that the amount in controversy might exceed the jurisdictional minimum because the plaintiffs failed to include in their petition the allegation required by state statute concerning federal-court jurisdiction.  Louisiana Code of Civil Procedure Article 893(A)(1) states that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required."  No such allegation is set forth in the plaintiffs' petition.  But, despite the mandatory wording of the statute, a plaintiff's failure to include such an allegation is a factor to be considered in evaluating the amount in controversy but is insufficient, standing alone, to establish that the amount in controversy exceeds the federal-court jurisdictional threshold.[26]

---

[24]     Louisiana Code of Civil Procedure Article 1732(1).

[25]     *Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982, at *4 (E.D. La. June 20,2011), citing *Corkern v. Outback Steakhouse of Fla., Inc.*, No. 05-5487, 2006 WL 285994, at *4 (E.D. La. Feb. 6, 2006).

[26]     See, e.g., *In re 1994 Exxon Chemical Fire*, 558 F.3d at 388; *Lecoq v. Great West Cas. Co.*, No. 11-626-BAJ-SCR, 2011 WL 6936413, at *3 (M.D. La. Nov. 15, 2011);

As one court explained, "mere silence in a petition can not create federal jurisdiction. If parties may not create subject matter jurisdiction by express agreement or stipulation, which is well settled, then the mere inaction of the plaintiff (though perhaps in contradiction of a state procedural law) can not give rise to presumptive federal jurisdiction or satisfy the removing defendant's burden."[27]

> The Fifth Circuit has not directly addressed whether the failure to include an Article 893 allegation in a petition is a factor to be considered for purposes of or is dispositive of the amount in controversy, but has held that an amount in controversy allegation under Article 893 can be defeated by a showing by the defendant that the jurisdictional amount is satisfied.  Notably, all three district courts within Louisiana have addressed the issue, and for the most part consistently recognize "that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy," but that this omission is entitled to some consideration in the jurisdictional amount inquiry.[28]

Thus, the plaintiffs' petition contains both an indication that the amount in controversy might be less than the requisite amount (the lack of a jury demand) and an indication that the amount in controversy might be more (the lack of an allegation that the claim is less than the jurisdictional minimum).

---

[27]   *Lilly v. Big E Drilling Co.*, No. 07-1099, 2007 WL 2407254, at *2 (W.D. La. Aug. 20, 2007).

[28]   *Trahan v. Drury Hotels*,  2011 WL 2470982, at *4.

Additionally, the plaintiffs listed in their supplemental and amending petition the categories of damages that they seek to recover, but provided no quantification of their individual or collective damages in any of these categories.  They also provided no facts on which a calculation of the damages in any of the categories might be based.  For example, there is no information concerning which plaintiffs sought medical treatment or the nature or cost of that treatment.  The petition does not identify which plaintiffs have property damage claims or the value of the property damaged.  The petition does not state which plaintiffs incurred travel expenses, displacement expenses; hotel, meal or gasoline expenses, nor does it itemize any of those claimed expenses.  The petition does not identify the plaintiffs who incurred lost income or business losses or place a value on any such claimed losses.  It does not state which plaintiffs lost clothing, or the value of the lost clothing.  In sum, the petition does not provide any facts that would permit a reasonable estimate of the plaintiffs' actual damages to be calculated.  The undersigned cannot determine, from the face of the plaintiffs' petitions, the precise nature of any one of the plaintiffs' injuries or whether any one of the plaintiffs has likely sustained damages in an amount exceeding $75,000.  Therefore, the undersigned concluded that the amount

in controversy is not facially apparent and ordered the defendants to submit a brief addressing the amount in controversy.[29]

In their brief, the defendants reiterated the types of damages sought to be recovered by the plaintiffs and argued that because the Fifth Circuit had found the amount in controversy requirement satisfied in a case seeking the recovery of similar categories of damages, the amount in controversy in this case also exceeds the statutory minimum.  The defendants' reasoning is unpersuasive for three reasons.

First, the *type* of damages sought to be recovered does not determine whether the amount in controversy requirement has been satisfied.  Instead, the *amount* of damages sought to be recovered governs the inquiry.  Currently, the amount in controversy must exceed $75,000 exclusive of interest and costs[30] regardless of the type of damages claimed.  In their briefing, the defendants presented no evidence attempting to establish the amount sought to be recovered by the plaintiffs in this lawsuit.

There are certain situations in which the nature of the alleged injury or the type of damages claimed will support a conclusion that the amount-in-controversy

---

[29]     Rec. Doc. 17.

[30]     28 U.S.C. § 1332.

threshold has been crossed.[31]  But that is not always the case.  When "the list of damages contained in the petition . . . does not provide the Court with any guidance as to the actual monetary amount of damages," the amount in controversy is not facially apparent.[32]  For example, when a petition contained an itemization of claims, including past, present, and future pain and suffering, mental anguish and emotional distress, loss of enjoyment of life, disability, past, present, and future medical expenses, past, present, and future lost wages, and impairment of earning capacity and punitive damages as a result of defendant's driving while intoxicated, but did not indicate what type of injury the plaintiff sustained, what type of medical treatment was necessary, what type of disability was sustained, whether the disability was temporary or permanent, or what type of wages were lost or expected to be lost, the court was unable to evaluate the amount of the damages sought to be recovered.[33]  This case is similar.  The undersigned cannot determine, from the face of the

---

[31]      See, e.g., *Davis v. Grider*, 2000 WL 634655, at *2 (5th Cir. 2000); *Stockstill v. Wal-Mart Stores, Inc.*, No. 10-95-FJP-SCR, 2010 WL 6494058, at *2 (M.D. La. Dec. 20, 2010) ("A review of the types of injuries alleged in the petition at the time of removal clearly establish that the jurisdictional amount has been met.  As the defendants pointed out, these injuries include serious head, brain, and neurological injuries to a 2 1/2 year old child.  Plaintiff also described Maizie's injuries as severe, lifelong, and debilitating.")

[32]      *Moore v. Louisiana Generating, LLC*, No. 09-789-C, 2010 WL 565383, at *2 (M.D. La. Feb. 17, 2010).

[33]      *Kaiser v. Parker*, No. 09-170-JJB-DLD, 2009 WL 2579086, at *3 (M.D. La. Aug. 20, 2009).

-11-

plaintiffs' petitions, the precise nature of any one of the plaintiffs' injuries or whether any one of the plaintiffs has likely sustained damages in an amount exceeding $75,000.

Second, the defendants' reliance on *In re Exxon Chemical Fire* is misplaced. The defendants argued that "[i]n *In re 1994 Exxon Chemical Fire*, the Fifth Circuit held that satisfaction of the jurisdictional amount is 'facially apparent' in chemical exposure cases when plaintiffs seek the following category of damages," and they then quoted the types of damages sought to be recovered in that case.[34]  Reference to the cited decision reveals, however, that the Fifth Circuit did not hold that the jurisdictional amount was facially apparent because of the types of damages claimed by the plaintiffs.  Instead, the court said: "Exxon has met its burden of establishing, by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional amount.  The damages claims in the various actions are substantially similar, and include:  individual and familial suffering; injuries to physical and mental health, . . . ."[35]  The word "because" does not link the first and second sentences of this quoted material.  The court did not say that Exxon had met its burden because

---

[34]     Rec. Doc. 18 at 3.

[35]     *In re 1994 Exxon Chemical Fire,* 558 F.3d at 387-88.

certain types of damages were being claimed.  The court was making two consecutive points:  Exxon met its burden, and certain types of damages were claimed.

Furthermore, in quoting the paragraph listing the types of damages sought to be recovered in *In re 1994 Exxon Chemical Fire*, the defendants left out the final sentence, which reads as follows:  "Additionally, almost all of the plaintiffs seek punitive damages."[36]  Although punitive damages are included in the amount in controversy,[37] the plaintiffs in the instant case do not seek to recover such damages.

Third, and perhaps most important, the defendants ignored the undersigned's express finding that the amount in controversy was not facially apparent and argued that it is facially apparent.  Once a court has concluded that the amount in controversy is not facially apparent, the removing party must present facts, supported by summary-judgment-type evidence, proving by a preponderance of the evidence that an amount exceeding $75,000 is in controversy.[38]  The defendants presented no such evidence nor did they compare the plaintiffs' claims with awards in similar cases.

---

[36]     *In re 1994 Exxon Chemical Fire,* 558 F.3d at 388.

[37]     See, e.g., *Dow Agrisciences LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001); *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *Allen v. R&H Oil & Gas Co.*, 63 F.3d at 1336.

[38]     *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

In a case presenting a similar scenario, the court said:

> [The defendant] has not produced any competent evidence with its notice of removal or in an opposition to the present motion, substantiating its contention that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.  Instead, it has relied solely upon the allegations concerning plaintiff's injuries/damages that are contained in the petition and upon the fact that [the plaintiff] has failed to stipulate that her damages are worth less than the jurisdictional minimum, both of which the undersigned has already determined are insufficient to establish the amount in controversy.  As such, [the defendant] has failed to carry its burden of proof upon removal.[39]

The undersigned finds that the defendants in this case have similarly failed to carry their burden of proof.

The Louisiana Supreme Court recently shed light on appropriate awards in chemical release cases, holding that an award in the range of $100 to $500 per plaintiff was appropriate when the "claimants suffered relatively minor symptoms from their exposure, such as watering eyes, nose or throat irritation, coughing, and headaches.  None of the claimants sought or required medical attention as a result of the exposure.  They were not required to evacuate from the area as a result of the chemical release, nor did they miss any work or school."[40]  This was contrasted with

---

[39]     *Sanchez v. Big Lots Stores, Inc.*, No. 10-208-BAJ-M2, 2011 WL 900295, at *3 (M.D. La. Feb. 18, 2011).

[40]     *Howard v. Union Carbide Corp.*, 2009-C-2750 (La. 10/19/10), 50 So.2d 1251, 1256.

-14-

an award of $5,000 to $15,000 for physical damages and from $2,000 to $5,000 for mental anguish awarded in another Louisiana state-court chemical release case.[41]  In the latter case, the chemical release took place over a three-day period, the plaintiffs living near the site were displaced from their homes, some of them sought medical treatment, and some had physical or mental symptoms that lasted for a period of months.  Based on the scant information supplied by the plaintiffs in their petition in the instant case, it appears that the plaintiffs in this case might have sustained injuries worse than those in the first cited case but perhaps not as bad as those in the second cited case.  Even if their injuries were as bad as those of the plaintiffs in the second case, however, their damages would not approach the jurisdictional threshold.

This matter is purported to be a class action, although no class has yet been certified.  To establish that the amount in controversy requirement is satisfied in a class action, the removing party need only prove that one plaintiff's damages exceed $75,000.  "[S]o long as the amount in controversy for at least one plaintiff in a class action exceeds the jurisdictional minimum, then the court may exercise supplemental jurisdiction over the remaining class members' claims, regardless of their individual

---

[41]      *Howard v. Union Carbide*, 50 So.2d at 1257 n. 4, citing *In re New Orleans Train Car Leakage Fire Litigation*, 00-1919 (La. App. 4 Cir. 04/20/05), 903 So.2d 9, *writ denied*, 05-1297 (La. 02/02/06), 922 So.2d 1171.

damages."[42]   Furthermore, a defendant may satisfy the burden of establishing the amount in controversy by showing that the amount of attorneys' fees likely to be recovered by the plaintiffs pushes the amount in controversy above the threshold.[43] Attorneys' fees present a substantial area of recovery for class action plaintiffs, the amount of which may lead to a recovery above the jurisdictional amount.  For the purpose of establishing the jurisdictional amount in a putative class action removed from a Louisiana state court, federal courts are required to attribute all attorneys' fees that are potentially recoverable by the class as a whole to the named class representatives.[44]  Although the plaintiffs' petitions do not seek recovery of attorneys' fees, the Fifth Circuit has held that "when a putative Louisiana plaintiffs' class advances a cause of action, such as tort or strict liability, for which Louisiana makes no separate provision for attorney's fees, the aggregate fee allowable under [Louisiana Code of Civil Procedure] art. 595(A) shall be attributed entirely to the class representatives and included in calculating the amount in controversy."[45]  In this case,

---

[42]      *Ackers v. International Paper Co.*, No. 11-0216, 2011 WL 2559844, at *2 (W.D. La. June 28, 2011), citing *Exxon v. Allapattah*, 545 U.S. at 559, and *In Re Abbott Laboratories, Inc.*, 51 F.3d 524, 529 (5th Cir. 1995).

[43]      *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990).

[44]      See *Grant v. Chevron Phillips Chem. Co.*, 309 F .3d 864, 876 (5th Cir. 2002); *In re Abbott Labs*, 51 F.3d at 526–27.

[45]      *Grant v. Chevron*, 309 F.3d at 876–77.

however, there is no evidence tending to show the amount of attorneys' fees the named plaintiffs might recover or providing a mechanism for calculating a reasonable fee.  Therefore, the defendants have not demonstrated that adding the class's likely attorneys' fees to the named plaintiffs' likely compensatory damages would result in an amount in controversy exceeding $75,000 for one or more of the plaintiffs.

The defendants removed this lawsuit from state court and invoked this Court's jurisdiction under 28 U.S.C. ¶ 1332.  Consequently, they must bear the burden of proving that the amount in controversy exceeds $75,000.  The undersigned finds that the defendants failed to satisfy their burden of proof.  Accordingly, the undersigned further finds that the amount in controversy in this lawsuit is less than the statutory threshold for federal-court jurisdiction.


### B.   DIVERSITY OF CITIZENSHIP

To establish subject-matter jurisdiction, a removing defendant must prove both prongs of the diversity analysis:  that the parties are diverse in citizenship and that the amount in controversy exceeds the statutory minimum.  Because the defendants in this lawsuit have not satisfied their burden with regard to the amount in controversy, it is unnecessary to evaluate the citizenship prong of the analysis.  Accordingly, the

undersigned pretermits further discussion of the citizenship of the parties or the improper joinder issue raised by the defendants in their removal notice.

### B.   THE PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR PETITION

The plaintiffs' motion for leave to amend their petition (Rec. Doc. 10) was referred to the undersigned for resolution.  As explained above, however,  the undersigned finds that this Court has no jurisdiction over this action.  Accordingly, the undersigned recommends that the Court decline to rule on the pending motion.

### CONCLUSION

The undersigned finds that the amount in controversy is less than the jurisdictional requirement.  Accordingly, the undersigned finds that this Court lacks subject-matter jurisdiction and recommends (a) that the Court decline to rule on the pending motion to amend (Rec. Doc. 10) and (b) that this action be remanded to the 16th Judicial District Court, Iberia Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on March 13th, 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)